1  **JOHN Y. TREMBLATT, ESQ. SBN 48799**
2  **LAW OFFICES OF JOHN Y. TREMBLATT**
3  A Professional Corporation
4  3233 Third Avenue
5  San Diego, CA 92103
6  TEL: (619) 243-7337
7  FAX: (619) 243-7343
8  jtremblatt@sdattorneys.net
9

10  Attorney for Plaintiff
11  TULIP BIOMED, INC. (now known as $T^{DCA}$ BioMed, Inc.)
12

13  **UNITED STATES DISTRICT COURT**

14  **SOUTHERN DISTRICT OF CALIFORNIA**

15

16  **TULIP BIOMED, INC.,**                )     **CASE NO. 09 CV 0597 W    LSP**
17                         Plaintiff        )
18  v.                                      )     **COMPLAINT FOR**
19                                          )     **DECLARATORY RELIEF**
20  **JOHNNIE M. JOHNSON** and              )
21  **BLACK TIE MEDICAL, INC.**             )
22                         Defendants       )
23  _____        )
24  //
25  //
26  //
27  //
28  //

FILED
'09 MAR 24 PM 12: 38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**JURISDICTION**

1.      Plaintiff, Tulip BioMed, Inc., n/k/a T$^{DCA}$ BioMed, Inc., f/k/a Cell Bio-Systems, Inc., is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business at San Diego, California.

2.      Defendant, Johnnie M. Johnson ("JOHNSON"), is an individual residing in San Diego, California.

3.      Defendant Black Tie Medical, Inc. ("BLACK TIE MEDICAL") is believed to be a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business at San Diego, California.

4.      This is a claim for a declaratory judgment of patent invalidity and non-infringement pursuant to 28 U.S.C. §§ 2201 and 2202.  Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1338.

**COUNT I**

**(Invalidity of Patent)**

5.      Plaintiff is informed and thereon believes and alleges that Defendant JOHNSON is the exclusive owner of all right, title and interest and application in, to and for United States Patent Number 6,569,118B2 (the "'118 Patent", **Exhibit 1**).  The '118 Patent has as its earliest filing date May 25, 2000, and issued on May 27, 2003.  Listed as a co-inventor of the '118 Patent is Marc Pilkington, the brother of Defendant JOHNSON's domestic partner, Marcille Pilkington. Plaintiff has been informed and thereon believes and alleges that Marc Pilkington assigned all of his right, title and interest in and to the '118 Patent to Defendant JOHNSON, and that Marc Pilkington has no interest, financial or otherwise, in and to the '118 Patent.

6.      Defendant BLACK TIE MEDICAL is a closely held business entity, and Plaintiff is informed and thereon believes and alleges that Defendant BLACK TIE MEDICAL is owned and/or controlled by two individuals, Defendant JOHNSON and his domestic partner, Marcille Pilkington.   Defendant BLACK TIE MEDICAL manufactures, markets and sells, *inter alia*, certain re-usable medical device products called "cannulas" in competition with Plaintiff, which manufactures, markets and sells certain one-time use, disposable cannulas.   Plaintiff is informed and thereon believes and alleges that an agreement exists between Defendant JOHNSON and Defendant BLACK TIE MEDICAL to sell certain cannulas under the '118 Patent.

7.      For purposes of this Complaint, both re-usable cannulas and disposable cannulas as respectively manufactured, marketed and sold by the parties can be generally referred to as "micro-cannulas."   Micro-cannulas are the subject of the '118 Patent.

8.      As a result of the acts set forth below, an actual judicial controversy between Defendants JOHNSON and BLACK TIE MEDICAL and Plaintiff with respect to the validity of Defendant JOHNSON's patent claims and Plaintiff's alleged infringement of them.

9.      On or about January 1, 2005, Defendant JOHNSON granted Plaintiff a license in and to the '118 Patent, said license being amended by the parties thereto on or about March 1, 2006 (the "License Agreement", **Exhibit 2**).

10.      The License Agreement involved, *inter alia*, two issued patents and one pending patent application.   One of the issued patents expired in March 2008.   Plaintiff is informed and thereon believes and alleges that the pending patent application is not an issued United States Patent.   Plaintiff is informed and thereon believes and alleges that the only unexpired, issued patent from the License Agreement is the '118 Patent.

11.     On March 10, 2008, Defendant JOHNSON's attorney wrote to Plaintiff informing Plaintiff to serve "notice of the termination of the license agreement dated January 1, 2005 between John Johnson as licensor, and [Plaintiff] as licensee, as amended March 1, 2006 [.]

12.     Termination is effective forty-five days from the date of this letter." **Exhibit 3.** The License Agreement was subsequently terminated by Defendant JOHNSON.

13.     On or about April 29, 2008, Defendant JOHNSON filed an action for breach of amended license agreement against Plaintiff with the American Arbitration Association, the action being based upon an alleged breach of the License Agreement by Plaintiff (the "AAA Proceeding"). The AAA Proceeding does not include any claim by Defendant JOHNSON against Plaintiff for patent infringement of the '118 Patent. **Exhibit 4**.

14.     On June 11, 2008, Defendant JOHNSON's attorney wrote to Plaintiff's counsel informing Plaintiff that "the termination of the [License Agreement] and [Plaintiff's] illegal continued use of the licensed property are distinct from the damages owed for past breaches of the [License Agreement] at issue in the arbitration proceedings. We hereby demand that [Plaintiff] immediately cease further infringement of Mr. Johnson's patents and trademarks." **Exhibit 5**.

15.     In response to eleven interrogatories propounded by Plaintiff-Respondent to Defendant JOHNSON-Claimant in the AAA Proceeding, on February 20, 2009, Defendant JOHNSON responded to four of the special interrogatories (numbers 1, 2, 6 and 7) that included the following answers: "To the extent that Propounding party [Plaintiff], following termination of the [License Agreement], continued to manufacture, sell, etc products which were licensed under the [License Agreement], then there will have been infringement of the patent" or "then

[Plaintiff] has infringed the patent." **Exhibit 6**.

16.     Plaintiff's position has consistently been that it's one-time use, disposable micro-cannula products do not infringe any valid claim of rights by Defendant JOHNSON.

17.     Plaintiff is informed and thereon believes and alleges that the only other entity that has a license to make, inventory, ship, sell and warranty micro-cannulas in accordance with the '118 Patent is Defendant BLACK TIE MEDICAL.  Plaintiff and Defendant BLACK TIE MEDICAL offer for sale and sell their respective micro-cannula products to substantially the same customer base, and Plaintiff has been informed and thereon believes and alleges that Plaintiff and Defendant BLACK TIE MEDICAL have common customers.

18.     By virtue of the actions and letters outlined above, there is a substantial and continuing judicial controversy between Plaintiff and Defendant JOHNSON and Defendant BLACK TIE MEDICAL as to Defendant JOHNSON's and Defendant BLACK TIE MEDICAL's right to a patent monopoly covering Plaintiff's micro-cannulas, and as to the validity and scope of the '118 Patent, and as to Plaintiff's continuing right to make, inventory, ship, sell and warranty its one-time use, disposable micro-cannula products.

19.     Plaintiff contends that the claims of the '118 Patent are not infringed by Plaintiff by the making, using or selling of any product.

20.     In the alternative, Plaintiff contends that the claims of the '118 Patent are invalid, unenforceable, and void because the '118 Patent has not and may not be duly and legally issued for many reasons including, without limitation, the reasons that:

//

//

a. Before the alleged invention or discovery by the patentee, the alleged invention was known or used by others in this country, or was patented or described in printed publication in this or in foreign countries;

b. More than one year prior to the filing of the application that matured into the '118 Patent, the alleged invention was patented or described in printed publications in this or foreign countries, or was in public use or on sale in this country;

c. The alleged invention was abandoned;

d. The alleged inventor of the '118 Patent did not himself invent the subject matter sought to be patented;

e. In light of the prior art at the time the alleged invention was made, the subject matter claimed in the '118 Patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

f. The '118 Patent was obtained in a manner inconsistent with the provisions of Title 35, United States Code, and the rules and regulations of the United States Patent and Trademark Office ("PTO");

g. In filing and prosecuting its patent application, Defendant JOHNSON did not exercise that degree of care and candor and full disclosure required of applicants in dealing with the PTO, but instead failed to disclose or misrepresented to the PTO information relevant to the inventorship and patentability of the subject matter of the '118 Patent.

21.     Prior to the termination of the License Agreement by Defendant JOHNSON, Plaintiff had notified Defendant JOHNSON in writing that, during the prosecution of the '118 Patent before the PTO, a reference cited during the international examination of the foreign patent application corresponding to the application that matured into the '118 Patent was determined by the search examiner to anticipate all of the claims of the corresponding foreign application, and that this information was apparently not provided to the PTO (the "Foreign Search Reference").  **Exhibit 7**.  On March 10, 2008, Defendant JOHNSON's attorney, in apparent reference to Plaintiff's notification to Defendant JOHNSON of this issue, informed Plaintiff that "Mr. Johnson had no obligation to inform you of this issue, as you were the first to draw it to Mr. Johnson's attention."  **Exhibit 3**. Plaintiff contends that in callous disregard for the facts, this statement was false on its face in that more than seven years earlier, on October 1, 2001, Defendant JOHNSON's patent counsel notified Defendant JOHNSON in writing about this issue, instructing Mr. Johnson that "We must also submit a copy of the [Foreign Search Reference] to the US Patent Office."  **Exhibit 8**.  Plaintiff is informed and thereon believes and alleges that these instructions were not followed by Defendant JOHNSON, nor unilaterally attended to by Defendant JOHNSON's patent counsel.  Plaintiff is further informed and thereon believes and alleges that on or about March 7, 2008, at a time when Plaintiff contends that Defendant JOHNSON was considering termination of the License Agreement and considering legal action against Plaintiff, Defendant JOHNSON's patent counsel had prepared for filing with the PTO a request for reexamination of the '118 Patent based on the Foreign Search Reference (the "Request").  Plaintiff further believes and alleges that the Request was never filed with the PTO.

22.     As part of the AAA Proceedings, a third-party declarant has come forth declaring with documentation and other information that the declarant disclosed the idea and invention for the '118 Patent to Defendant JOHNSON more than one year before the filing date of the application that matured into the '118 Patent.  This third party declarant has further declared that he knew that Defendant JOHNSON had received the written disclosure of the declarant's idea and invention at or near the time of the disclosure to Defendant JOHNSON, circa 1998.  Plaintiff is informed and thereon believes and alleges that this information was not provided to the PTO by Defendant JOHNSON. **Exhibit 9**.

23.     The other named co-inventor of the '118 Patent, Marc Pilkington, has affirmed in writing that he was not aware of the information set forth in Paragraph 21 of this Complaint and that in his opinion all of the features claimed in the '118 Patent were disclosed to Defendant JOHNSON by the aforementioned third party declarant more than one year before the earliest filing date of the application that matured into the '118 Patent. **Exhibit 10**.

24.     Marc Pilkington has also affirmed in writing that in his opinion, all of the features claimed in the '118 Patent would have been obvious in view of certain admitted prior art and the information disclosed to Defendant JOHNSON by the aforementioned third-party declarant. **Exhibit 10**.

25.     As a result of Defendant JOHNSON's inequitable conduct, this is an "exceptional case," in which the Court may properly award Plaintiff its reasonable attorney's fees incurred in the prosecution of this action.

//

//

COMPLAINT FOR DECLARATORY RELIEF

- 8 -

## COUNT II

### (Misuse of Patent/Unfair Competition)

26.     The allegations of Paragraphs 1 through 24 are adopted and incorporated by reference as if set forth here in full.

27.     Defendant BLACK TIE MEDICAL manufactures, offers for sale, sells and uses a re-usable version of Plaintiff's one-time use, disposable micro-cannula in direct competition with Plaintiff.  Plaintiff is informed and thereon believes and alleges that Defendant BLACK TIE MEDICAL, through its owners, representatives and agents, including but not limited to Defendant JOHNSON, has informed and continues to inform customers and potential customers of Plaintiff's one-time use, disposable micro-cannula products that Plaintiff's products violate and infringe the '118 Patent.

28.     Plaintiff is informed and thereon believes and alleges that Defendant JOHNSON has contacted the manufacturer of Plaintiff's one-time use, disposable micro-cannula products and instructed Plaintiff's manufacturer to cease making products for Plaintiff, and to instead provide to Defendant JOHNSON products that would be made by the manufacturer for Plaintiff.

29.     Plaintiff contends that Defendant BLACK TIE MEDICAL, through its owners, representatives and agents, including but not limited to Defendant JOHNSON, has made the types of allegations alleged in Paragraph 26 of this Complaint, and the instructions as alleged in Paragraph 27 of this Complaint, with actual knowledge, or with callous disregard for the facts, that the '118 Patent is invalid, unenforceable and was procured based upon inequitable conduct before the PTO.

//

30.    These acts by Defendant BLACK TIE MEDICAL and its owners, representatives and agents, including but not limited to Defendant JOHNSON, constitute mis-use of the '118 Patent and render the '118 Patent invalid and unenforceable.

31.    The acts of Defendant BLACK TIE MEDICAL and its owners, representatives and agents, including but not limited to Defendant JOHNSON, were committed in bad faith and with the predatory intent of injuring Plaintiff's business.  These acts constitute unfair competition against Plaintiff.

## PRAYER

Plaintiff requests:

A.    Entry of Judgment providing:

i.    That Defendant JOHNSON is without right or authority to threaten or to maintain suit against Plaintiff for alleged infringement of United States Patent Number 6,569,118B2;

ii.    That the '118 Patent is invalid, unenforceable, and void in law;

iii.    That the '118 Patent is not infringed by Plaintiff because of the making, selling or using of any one-time use, disposable micro-cannulas by Plaintiff;

iv.    That Defendant JOHNSON and Defendant BLACK TIE MEDICAL have each, jointly and severally, engaged in acts of unfair competition against Plaintiff;

v.    That Plaintiff be awarded actual and punitive damages, jointly and severally, for Defendant JOHNSON's and Defendant BLACK TIE MEDICAL's unfair competition against Plaintiff;

vi.    For the costs, expenses, and reasonable attorney's fees incurred by Plaintiff.

COMPLAINT FOR DECLARATORY RELIEF

1   B.     Entry of preliminary and permanent injunction enjoining both Defendant JOHNSON and

Defendant BLACK TIE MEDICAL, their respective officers, agents, servants, employees, and

attorneys, and those persons active concert or participation with them who receive actual notice

of the injunction from:

       i.     Initiating infringement litigation or threatening Plaintiff or any of its customers,

dealers, agents, servants, or employees, or any prospective or present sellers, dealers or users of

Plaintiff's one-time use, disposable micro-cannulas, with infringement litigation, or charging

them either verbally or in writing with infringement of United States Patent Number

6,569,118B2 because of the manufacture, use, sale, or offering for sale of one-time use,

disposable micro-cannulas made by Plaintiff;

       ii.     Engaging in acts of unfair competition against Plaintiff.

C.     All other relief that the Court may deem appropriate.

Dated: March 23, 2009

TULIP BIOMED, INC. (now known as T$^{DCA}$ BioMed, Inc.)

By:

John Y. Tremblatt, Esq.
A Professional Corporation
3233 Third Avenue
San Diego, CA 92103
TEL: (619) 243-7337
jtremblatt@sdattorneys.net
Attorney for Plaintiff

//

//

COMPLAINT FOR DECLATORY RELIEF