1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBERT. W. HICKS (CA Bar No. 168049)
KENNETH R. WRIGHT (CA Bar No. 176325)
ROBERT W. HICKS & ASSOCIATES
501 W. Broadway, Suite 800
San Diego, CA 92101
Phone:  (619) 236-3403
Fax:      (619) 236-3413

Attorneys for Defendants JOHNNIE M. JOHNSON
and BLACK TIE MEDICAL, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULIP BIOMED, INC.,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOHNNIE M. JOHNSON and BLACK TIE MEDICAL, INC,<br><br>                 Defendants, | CASE NO.:  09 CV 0597 W LSP<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**<br><br>Judge: Hon. Thomas J. Whelan<br>Courtroom 7<br>Date: November 23, 2009<br><br>NO ORAL ARGUMENT UNDER LOCAL RULE 7.1(d)(1). |

DEFENDANTS JOHNNIE M. JOHNSON ("Johnson") and BLACK TIE MEDICAL, INC. ("Black Tie"), by and through their attorneys of record, submit this Motion to Confirm the Arbitration Award and Enter Judgment, as follows:

## I.

## INTRODUCTION

On June 15, 16, 17, 19, 22, 23, 24, and 29, 2009, Johnson and TULIP BIOMED, INC. ("TBM") arbitrated a pre existing dispute which involved the same patent validity and enforceability issues as the present action.  On August 27, 2009, the Arbitrator issued a decision resolving those (and all other issues) in favor of Johnson and against TBM.  Rather than re-litigate a second arbitration on the same issues, the parties have stipulated that the

1  arbitrator's decision shall constitute a final arbitration award for purposes of the present case.

2  This Motion requests that judgment be entered in favor of Johnson and Black Tie and against

3  TBM based on that award.

## II.

## PROCEDURAL BACKGROUND

### A.    This Action was Stayed Pending Arbitration.

On March 24, 2009, TULIP BIOMED, INC. ("TBM") filed the complaint in this Action

seeking a declaratory judgment regarding the invalidity of U.S. Patent No. 6,569,118 B2 (the

"118 Patent") (Count I) and misuse of patent/unfair competition regarding the 118 Patent

(Count II).  On April 14, 2009, Johnson and Black Tie filed a Motion to Dismiss or Compel

Arbitration of the claims in this case.  This Motion was based on two grounds: 1) dismissal

was warranted under the abstention doctrine because the claims and issues raised in the

Declaratory Relief Action were already being litigated in a pending arbitration proceeding; or

in the alternative, 2) arbitration was warranted under the arbitration provision contained in the

license agreement between the parties.  In ruling on the Motion, the Court issued an Order on

September 14, 2009, granting the motion to compel arbitration and staying the case pending

completion of arbitration.

### B.    The Issues in this Action have been Arbitrated

Between the time Defendants filed their Motion to Dismiss on April 14, and the

issuance of the Court's Order on September 14, 2009, the pending arbitration between TBM

and Johnson in the matter entitled Johnson v. Tulip Biomed, Inc., American Arbitration

Association Case No. 73 133 09678 LOKI, was heard before the Honorable David B. Moon,

Ret. ("the Arbitration"). [1]  The Arbitration involved Johnson's claim of breach of a license

agreement for the 118 Patent, TBM's defenses to the claim involving the same patent

invalidity and misuse allegations TBM has raised in the present case, and TBM's counter

---

[1]  The arbitration hearing was held on June 15, 16, 17, 19, 22, 23, 24, and 29, 2009.

claims for breach of contract and fraud against Johnson which also involved the same patent invalidity and misuse allegations TBM has raised in the present case.  Declaration of Kenneth R. Wright, ¶5, filed concurrently herewith ("Wright Declaration").

The existence of the Arbitration and the fact that the claims in this Action were identical to claims about to be litigated in the Arbitration formed the main basis for Defendant's Motion to Dismiss.  See, Points and Authorities in support of Motion to Dismiss, pp. 6-10.  In fact the Court's Order recognized that resolution of the patent invalidity issue is important to determination of whether the license was breached, when the Court ruled that the arbitration clause in the license agreement warranted arbitration of the issues raised in this Action.  Order, p. 5.

### C.    There is a Final Order Determining the Issues in this Action

On August 25, 2009, the Arbitrator signed an ARBITRATOR'S DECISION AND INTERIM AWARD finally determining all issues raised in the Arbitration between the parties and the issues raised in this Action, with the sole exception of the amount of prevailing party attorneys fees, in favor of Johnson (the "Arbitrator's Decision").  A copy of the Arbitrator's Decision is attached as Exhibit 1 to the Wright Declaration.

### D.    The Parties have Stipulated to Entry of Judgment in this Action based on the Arbitration Award

The Arbitration actually addressed the factual allegations and legal arguments on which the Complaint for Declaratory Relief is based and the Arbitrator's Decision resolves all of those allegations and arguments in favor of Johnson and against TBM.  There is simply no reason to re arbitrate these issues.  In order to avoid the duplication and additional expense of another arbitration, the parties to this Action entered into a Stipulation, stating that "**the Arbitrator's Decision shall be deemed the final arbitration award for purposes of Johnson and Black Tie's request to enter judgment in their favor of and against TBM on the Complaint for a Declaratory Judgment in this action**."  A copy of the Stipulation is attached as Exhibit 2 to the Wright Declaration.

1    Defendants now seek to have this Court confirm the Arbitrator's Decision as it disposes
2    of the issues before this Court and enter judgment in favor of Defendants.

3

4                                          **III.**

5    **THIS COURT HAS AUTHORITY TO CONFIRM AWARD AND ENTER JUDGMENT**

6         The Federal Arbitration Act provides that a petition to confirm, vacate or modify an
7    arbitration award may be brought in the district where the award was made.  9 USC § 9.  A
8    federal court has power to enter judgment on an arbitration award if (a) independent federal
9    subject jurisdiction exists and (b) the parties have so provided in their agreement.  Id. "[T]he
10   court must grant such an order unless the award is vacated, modified, or corrected".  Id.

11        This criteria is met based on the following: 1) the Arbitrator's Decision was made in
12   San Diego County; 2) there is an arbitration provision contained in the license agreement,
13   which formed the basis for this Court's Order compelling arbitration of this Action; 3) the
14   parties have stipulated that the Arbitrator's Decision shall be "deemed the final award for
15   purposes of Johnson and Black Tie's request to enter judgment in their favor and against TBM
16   on the Complaint for a Declaratory Judgment in this action".  Exhibit 2; emphasis supplied;
17   and 4) there is no pending motion to vacate, modify or correct the Arbitrator's Decision.

18

19                                          **IV.**

20   **ALL FACTUAL ALLEGATIONS AND LEGAL ARGUMENTS HAVE BEEN**
21                      **DECIDED IN FAVOR OF DEFENDANTS**

22        As previously stated, the parties have stipulated that the Arbitrator's Decision shall be
23   deemed the final arbitration award in this Action for purposes entry of judgment in favor of
24   Johnson and Black Tie and against TBM.

25        Furthermore, the Decision actually rules on the issues raised in TBM's Action:
26   ///
27   ///
28

Allegation/issue:

    (a)    The Declaratory Relief Action is premised on TBM's claim that the '118 Patent is invalid and/or unenforceable.  Complaint, ¶¶4, 8, 18, 20.

Decision on the issue:

    (a)    The Arbitrator ruled on this claim in the Decision: "the Arbitrator concludes [TBM] has not established the invalidity of the '118 patent nor its unenforceability."  Exhibit 1, p. 18.

Allegation/issue:

    (b)    TBM also bases it's Action on the allegation Johnson was not the true inventor of the '118 Patent.  Complaint, ¶22.

Decision on the issue:

    (b)    The Arbitrator ruled on this claim in the Decision: "[Ramirez's] inventorship claim also defies common sense. . .  The Arbitrator concludes [TBM] has not established Ramirez as the inventor of the cannula hub described in the '118 patent."  Exhibit 1, p. 22. "[T]he Ramirez claim does not invalidate the '118 patent . . .." Exhibit 1, p. 28.

Allegation/issue:

    (c)    The Action also accuses Johnson of inequitable conduct before the U.S. Patent and Trademark Office.  Complaint, ¶25.

Decision on the issue:

    (c)    The Arbitrator ruled on this claim in the Decision:  "With a presumptively valid patent the subject of the contract, and inequitable conduct not established, there is no basis to support an X reference mistake of fact defense."  Exhibit 1, p. 19.  "[T]he X reference issue does not invalidate nor render unenforceable the '118 patent . . .."  Exhibit 1, p. 28.

Allegation/issue:

    (d)    The Action also bases its claim for "Misuse of Patent/Unfair Competition" (Count II) against Johnson and Black Tie upon the allegation, "that the '118 Patent is invalid,

unenforceable and was procured based upon inequitable conduct before the PTO." Complaint, ¶29.

Decision on the issue:

(d)     As stated in (a)-(c) above, the Arbitrator ruled that TBM failed to establish that the '118 Patent is either invalid or unenforceable or that there was inequitable conduct before the PTO. Exhibit 1, pp. 18, 28-29.

Allegation/issue:

(e)     The Action also claims TBM did not infringe the '118 Patent. Complaint, ¶19.

Decision on the issue:

(e)     The Arbitrator's Decision ruled that, "[TBM] is hereby enjoined and restrained from further production and sale of infringing products pursuant to the terms of the License Agreement." Exhibit 1, p. 37.

Therefore, all of the issues and claims raised in this Action were decided in the Arbitrator's Decision.[2]

The Arbitrator's Decision also supports a judgment in favor of Black Tie. In addition to the Stipulation providing for such entry of judgment, TBM's sole claim against Black Tie (Count II "Misuse of Patent/Unfair Competition"– Complaint, p. 9) is predicated upon a finding that "the '118 Patent is invalid, unenforceable and was procured based upon inequitable conduct before the PTO." Complaint, ¶29. As stated in (d) above, the Arbitrator ruled that TBM failed to establish any of these claims, meaning that TBM's claim of Misuse of Patent/Unfair Competition against anyone, including Black Tie, is meritless.

Accordingly, the Arbitrator's Decision in the Johnson v. Tulip Biomed, Inc. American Arbitration Association Case No. 73 133 09678 LOKI, resolves all of the issues in this Action.

///

///

---

[2]  Once judgment on an arbitration award becomes final, res judicata and collateral estoppel apply. Clark v. Bear Stearns & Co. 966 F.2d 1318 (9th Cir. 1992). Moreover, these doctrines may bar relitigation of issues that were fully arbitrated even if no judgment was entered on the award. Wellons, Inc. v. T.E. Ibberson Co. 869 F.2d 1166 (8th Cir. 1989).

1

## V.

## CONCLUSION

Based on the foregoing, this court is respectfully requested to confirm the arbitration award and enter judgment in favor of defendants in this Action.


Dated:  October 7, 2009                    ROBERT W. HICKS & ASSOCIATES



/S/ Kenneth R. Wright
Kenneth R. Wright
Attorneys for Defendants JOHNNIE M. JOHNSON
and BLACK TIE MEDICAL, INC.