UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULIP BIOMED, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHNNIE M. JOHNSON, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 09-CV-0597 W (RBB)<br><br>**ORDER (1) VACATING STAY, (2) GRANTING DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD [DOC. 11], AND (3) ENTERING JUDGMENT IN FAVOR OF DEFENDANTS** |

Pending before the Court is Defendants Johnnie M. Johnson and Black Tie Medical, Inc.'s, motion to confirm arbitration award and enter judgment. Plaintiff Tulip Biomed, Inc. ("TBM") has not opposed.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **VACATES** the stay previously entered in this case, **GRANTS** the motion to confirm the arbitration award (Doc. No. 11), and **ORDERS** judgment entered in favor of Defendants.

I. **RELEVANT BACKGROUND**

TBM filed this lawsuit on March 24, 2009. Defendants thereafter filed a motion to dismiss or, in the alternative, compel arbitration based on the following grounds: (1) dismissal was warranted because the claims and issues in this case were already being litigated in a pending arbitration (the "Related Arbitration"); and (2) this case should be arbitrated because the parties' license agreement included an arbitration provision.

On September 14, 2009, this Court granted the Defendants' motion to compel arbitration and stayed this case pending completion of the arbitration. Defendants now seek to confirm an arbitration award and for entry of judgment in their favor.

II. **DISCUSSION**

As an initial matter, the Court grants Defendants' motion based on Plaintiff TBM's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." Here, the Plaintiff did not file an opposition and has not requested additional time in which to do so. Moreover, Plaintiff provides no evidence that Defendants' moving papers failed to reach the mailing address designated in Defendants' Proof of Service or that Plaintiff was not aware of this pending motion. Accordingly, based on Civil Local Rule 7.1(f.3.c), the Court deems Plaintiff's failure to oppose Defendants' motion to confirm the arbitration award and to enter judgment as consent to its merits.

Moreover, Defendants contend that a decision was rendered in the Related Arbitration, and a judgment in that case entered in favor of Defendant Johnson. As a

result of that decision, Plaintiff TBM and Defendants have entered into a Stipulation Re Arbitrator's Decision And Interim Award As Final Arbitration Award For Purposes of Entry of Judgment (the "Stipulation"). (*See Wright Decl.* [Doc. 11-2], Ex. 2.) The Stipulation provides:

> the Arbitrator's Decision shall be deemed the final arbitration award for purposes of Johnson and Black Tie's request to enter judgment in their favor and against TBM on the Complaint for a Declaratory Judgment in this action.

(*Stipulation*, 2:12–15.)

Accordingly, based on the parties' Stipulation, the Court will grant Defendants' motion.

### III.  CONCLUSION & ORDER

For the reasons stated above, the Court **VACATES** the stay in this matter, **GRANTS** Defendants' motion to confirm the arbitration award (Doc. 11) and **ORDERS** judgment entered in favor of Defendants Johnson and Black Tie, and against Plaintiff TBM.

**IT IS SO ORDERED.**

DATED: March 1, 2010

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Hon. Thomas J. Whelan
　　　　　　　　　　　　　　　　　　United States District Judge